IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN WHITELY<br>c/o Christopher Wido, Esq.<br>The Spitz Law Firm, LLC<br>25200 Chagrin Boulevard, Suite 200<br>Beachwood, Ohio 44122<br><br>    On behalf of himself and all others<br>    similarly situated<br><br>    v.<br><br>ALOTERRA FARMS, LLC<br>3635 Middle Rd,<br>Conneaut, Ohio 44030<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff John Whitely bring this action against Defendant Aloterra Farms, LLC ("Aloterra"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.



3. This Court has personal jurisdiction over Defendant because Defendant is a corporation that are registered to conduct business in this District, and at all times material to the allegations contained herein, Defendants conducted substantial business in this District and had sufficient minimum contacts within this District.

4. This Court has personal jurisdiction over Defendant because they maintain control, oversight, and direction over the operation of Aloterra's facilities, including their employment practices.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendant is and always has been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Defendant has received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Defendant was registered to conduct business in the State of Ohio, and conducted substantial business in the State of Ohio

## PARTIES

6. Whitely is an adult individual residing at 884 Windsor Road, city of Orwell, county of Ashtabula, state of Ohio. Whitely consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).[1]

7. Aloterra is an Ohio for-profit corporation lawfully licensed to conduct business in the state of Ohio, which maintains and/or formerly maintained offices in Conneaut, Ohio.

8. During all times material to this Complaint, Aloterra was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

---

[1] See Exhibit A, attached hereto.



The Employee's Attorney.™

9. During all times material to this Complaint, Aloterra supervised and/or controlled Plaintiffs and the putative class' employment, and acted directly or indirectly in the interest of Aloterra in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA. See *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003).

10. During all times material to this Complaint, Plaintiffs and the putative class members, as defined herein, were "employees" of Aloterra within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

11. The putative FLSA Class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 86 of the Complaint.

## FACTS

12. Whitely worked for Aloterra as a laborer from June 1, 2014 until July of 2015.

13. Aloterra violated Ohio law and the Fair Labor Standards Act ("FLSA") by failing to pay Whitely and other similarly-situated employees overtime for all hours worked over forty in a given week.

14. Aloterra engaged in an unlawful time-banking practice.

15. Aloterra is a private employer.

16. There is no exemption within the FLSA that allows for the payment of "comp-time" by a private employer.

17. While 29 U.S.C § 207(o) allows for the payment of "comp-time" in lieu of overtime by *public agencies*, 29 U.S.C. § 203(x) clearly limits the meaning of "public agency" to government employers:

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Whitely restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



The Employee's Attorney.™

19. Whitely brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated individuals who are part of the following class:

> All individuals employed Alottera as laborers, and who were not paid the minimum wage or for all hours worked at any time during three (3) years preceding the filing of this action

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

20. Collective Action treatment of Whitely's FLSA claims is appropriate because Whitely and the FLSA Class have been subjected to the common business practices referenced in paragraphs 12 through 19, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Aloterra's companywide practices fail to properly compensate the FLSA Class Members for all hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. Whitely restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

22. Whitely was employed with Aloterra from June 1, 2014 until July of 2015.

23. During all times material to this complaint, Whitely and the FLSA Class Members were not exempt from receiving minimum wage under the FLSA because, inter alia, they were not "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

24. During all times material to this complaint, Whitely and the FLSA Class Members were not subject to what is commonly known as the "Motor Carrier Act Exemption" because, inter alia, they were not subject to travelling outside of Ohio, and the vehicles they operated has Gross Vehicle Weight of 10,000 lbs. or less. See 29 U.S. Code § 213(b)(1).

25. During all times material to this complaint, Whitely and the FLSA Class Members were individually covered under 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act ("FLSA").



26. During all times material to this complaint, Aloterra failed to pay Whitely and those similarly situated overtime for all hours worked over forty in a given week.

27. Aloterra incorrectly informed Whitely that he was exempt from the FLSA because he is a "seasonal employee."

28. The "seasonal employee" exemption, as defined in 29 U.S.C. §213(A)(3), is clearly inapplicable to Whitely, as it only applies to "establishment[s] which are an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center."

29. Aloterra also incorrectly informed Whitely that he was exempt from the FLSA under the "agricultural employee" exemption listed in 29 U.S.C. 213(b)(12).

30. Pursuant to 29 U.S.C. 213(b)(12), employees who are "employed in agriculture or in connection with the operation or maintenance of ditches, canals, reservoirs, or waterways, not owned or operated for profit, or operated on a sharecrop basis, and which are used exclusively for supply and storing of water, at least 90 percent of which was ultimately delivered for agricultural purposes during the preceding calendar year" are exempt from the overtime requirements of the FLSA.

31. In determining what constitutes "agriculture," courts divide the term into two distinct categories: first, "farming in all its branches," which "the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities...the raising of livestock, bees, fur-bearing animals, or poultry," and second, non-farming activities closely related to farming.

32. Whitely spent the bulk of his employment working in manufacturing plants, where Aloterra manufactures plates, food containers, pulp, and other products.

33. A majority, if not all, of the work performed by Whitely during his employment with Aloterra did not fit under the definition of "agricultural" within the meaning of the exemption.

The Employee's Attorney.™ 

34. During all times material to this complaint, Aloterra willfully and/or intentionally violated 29 U.S.C. § 206.

35. In violating the FLSA, Aloterra acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

36. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendant is liable to Whitely and those similarly situated for the full amount of the overtime worked, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II : VIOLATION OF THE OHIO WAGE ACT

37. Whitely restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

38. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

39. During all times material to this complaint, Aloterra was a covered employer required to comply with the Ohio Wage Act's mandates.

40. During all times material to this complaint, Whitely was a covered employee entitled to individual protection of Ohio Wage Act.

41. Aloterra violated the Ohio Wage Act with respect to Whitely by, *inter alia*, failing to compensate Whitely for all hours worked, or to pay Whitely the the minimum wage, and failing to pay the Plaintiffs overtime.

42. In violating the Ohio Wage Act, Aloterra acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff request judgment against Defendant, Aloterra, and for an Order:



(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Aloterra who work or have worked as laborers as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of this action;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

(c) Awarding to Plaintiff and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(d) Awarding Plaintiff and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(e) Awarding Plaintiff and the FLSA Class Members such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting Aloterra from engaging in future violations of the FLSA and the Ohio Wage Act; and

(g) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
Brian D. Spitz (0068816)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Boulevard, Suite 200



>Beachwood, Ohio 44122
>Phone: (216) 291-4744
>Fax:     (216) 291-5744
>Email: chris.wido@spitzlawfirm.com
>
>*Attorney for Plaintiff*

## JURY DEMAND

Plaintiffs demands a trial by jury by the maximum number of jurors permitted.


>*s/ Chris P. Wido*
>Chris P. Wido (0090441)
>**THE SPITZ LAW FIRM, LLC**

8

